IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SEMIRA GHEBRERIDAN FESHAZION,                    Civ. No.  08-1307-AA

            Plaintiff,                           OPINION AND ORDER

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

_____

AIKEN, Chief Judge:

      Plaintiff seeks judicial review of the Social Security
Commissioner's final decision denying her application for
disability insurance benefits (DIB) and supplemental security
income (SSI) benefits under Titles II and XVI of the Social
Security Act (the Act).  This court has jurisdiction under 42
U.S.C. § 405(g).  The Commissioner's decision is reversed and
remanded for further proceedings.


1    - OPINION AND ORDER

BACKGROUND

On October 31, 2003, plaintiff protectively applied for DIB and SSI, and her applications were denied initially and on reconsideration.  Tr. 39, 58-66, 118-20, 592-94, 595-604.  After timely requesting a hearing, plaintiff and a medical expert appeared and testified before an administrative law judge (ALJ) on April 13, 2006.  Tr. 721-94.  Based on the recommendation of the medical expert, the ALJ held open the record to accommodate a neuropsychological evaluation of plaintiff after a six-month period of abstinence from marijuana.  Tr. 788-91.  On January 7, 2007, plaintiff again appeared before the ALJ for a brief hearing and was informed of the examination.  Tr. 795-98.

On June 26, 2007, the ALJ held a final administrative hearing, but plaintiff did not appear.  Plaintiff's counsel at the time did not know of her whereabouts, tr. 801, and plaintiff maintains that counsel provided an incorrect date for the hearing.  Regardless, plaintiff's counsel agreed to proceed, and the ALJ heard testimony from the medical expert and a vocational expert.  Tr. 801-823.  On June 29, 2007, plaintiff appeared at the hearings office and informed staff that she intended to dismiss her current counsel. Tr. 128-29.  On July 2, 2007, plaintiff's new counsel requested that the ALJ reopen the case for a supplemental hearing to obtain the testimony of plaintiff and a state SSI liaison caseworker and to receive additional psychological records that new counsel

believed were missing.  Tr. 379-80.  On July 24, 2007, the ALJ
denied counsel's request and issued a decision finding plaintiff
not disabled under the Act.  Tr. 39-57.  The Appeals Council denied
plaintiff's request for review, and the ALJ's ruling became the
final decision of the Commissioner.  Tr. 7-9.  Plaintiff now seeks
judicial review.

Plaintiff alleges disability since September 22, 2003 due to
a learning disability, bipolar disorder, depression, post-traumatic
stress disorder, and related mental impairments.  Tr. 146, 751-54,
762.  At the time of the ALJ's decision, plaintiff was twenty-nine
years old with a high school education and limited work experience
as a gas station attendant, bartender, cashier, hotel clerk, and
assembler.  Tr. 55, 118, 147, 160.

### SCOPE OF REVIEW

This court must affirm the Commissioner's decision if it is
based on proper legal standards and the findings are supported by
substantial evidence in the record.  Hammock v. Bowen, 879 F.2d
498, 501 (9th Cir. 1989).  Substantial evidence is "more than a
mere scintilla.  It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion." Richardson
v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison
Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  The court must weigh
"both the evidence that supports and detracts from the Secretary's
conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.

1986).  Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step sequential evaluation process to determine whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the ALJ found that plaintiff had engaged in "substantial gainful activity" in 2005 but no other time during the period of alleged disability.  Tr. 43; 20 C.F.R. §§ 404.1520(b), 416.920(b).  At steps two and three, the ALJ found that plaintiff has "medically severe impairments" of mood disorder, personality disorder, and being underweight, but that these impairments did not meet or equal a listed impairment.  Tr. 43, 51; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).  The ALJ found that plaintiff's alleged impairments of bipolar disorder, learning disorder, and post-traumatic stress disorder were "anecdotal" and non-severe.

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment. See id. §§ 404.1545, 416.945. In this case, the ALJ found that plaintiff was able to perform a modified range of light work. Tr. 53. Specifically, the ALJ found that plaintiff could lift and carry twenty pounds frequently and twenty-five pounds occasionally and sit for two hours at a time and stand and walk for thirty minutes at a time in an eight-hour work day. Tr. 55. The ALJ further found that plaintiff was limited to simple, routine, repetitive work with limited exposure to the public and co-workers. Tr. 55. The ALJ further found that plaintiff's work experience did not qualify as past relevant work. Tr. 55.

At step five, the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f). Based on the RFC assessment and vocational expert testimony, the ALJ found that plaintiff was able to perform other work as a produce sorter, small products assembler, and laundry folder. Tr. 55-56; 20 C.F.R. §§ 404.1529(f), 416.920(f). The ALJ thus found plaintiff not disabled

within the meaning of the Act.

DISCUSSION

Plaintiff argues that the ALJ violated her due process rights and otherwise erred in denying a supplemental hearing at which plaintiff's counsel intended to present additional witness testimony and additional medical records. Plaintiff also argues that the ALJ erred by failing to obtain an neuropsychological examination, finding plaintiff's complaints not credible, and rejecting the opinion of an examining medical psychologist. Finally, plaintiff maintains that the ALJ failed to address all of her severe impairments at step two of the disability analysis and failed to consider functional limitations resulting from those impairments.

I find no violation of plaintiff's due process rights arising from the ALJ's refusal to allow a supplemental hearing and further development of the record, given that plaintiff had previously appeared and testified before the ALJ. Tr. 725-69; Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001). However, while recognizing the ALJ's legitimate goal of resolving the case, tr. 40, I find that the ALJ failed to fully develop the record by denying plaintiff's newly retained counsel the opportunity to present all relevant evidence, including additional medical records and the proffered testimony of a state SSI liaison caseworker. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("In Social

Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel.").

The failure to develop the record is particularly critical when the ALJ's credibility assessment was based, in part, on the lack of treatment records supporting plaintiff's allegations; these records were obtained by plaintiff's new counsel and presumably would have been presented to the ALJ. See, e.g., Tr. 46-47, 49 (ALJ decision noting the lack of treatment records from Carole Abajian, "Jennifer Lopez" or "Cat Samson"); Tr. 609-32, 637-669 (additional records reflecting treatment by Abajian and Catherine Samson). The additional medical records also could have affected the ALJ's step two and step four determinations regarding plaintiff's medically determinable impairments and her residual functional capacity, particularly in light of plaintiff's long history of mental impairments and instability.[1] Therefore, remand is necessary for consideration of these records and reassessment of plaintiff's impairments at step two and her residual functional capacity at step four.

I also agree that the ALJ erred in her evaluation of Dr. Ugolini's report. As noted by plaintiff, the ALJ discredited Dr.

---

[1]The Commissioner maintains that consideration of these records does not detract from the ALJ's findings and would not alter the determination of disability. However, it is not this court's role to evaluate such evidence - it is the ALJ's role.

Ugolini's report primarily because of her belief that it was obtained for vocational purposes.  Tr. 45, 47.  However, Dr. Ugolini stated that plaintiff was referred "by the State of Oregon Disability Determination Services for completion of an Intellectual Assessment," and Dr. Ugolini administered diagnostic testing.  Tr. 455-65.  Even if Dr. Ugolini's report was also utilized for vocational purposes, I do not find that to be a legally sufficient reason to support rejection of her opinion and conclusions.  <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995).  Therefore, remand is necessary to reconsider Dr. Ugolini's opinion in light of the evidence of record, including the additional medical records provided by counsel.

Finally, with respect to the neuropsychological assessment, I recognize that the testifying medical expert referred to an organic personality disorder and stressed the need for a neuropsychological evaluation, and that the ALJ held the case in abeyance to obtain such an evaluation.  Tr. 771, 774, 780-81, 786, 788.  Nevertheless, the examination that occurred was conducted by a clinical psychologist rather than a neuropsychologist or other neurological specialist.  Tr. 582.  Upon subsequent review of this report, the same medical expert did not comment on the lack of neurological component or note its significance.  Tr. 803-08.  Therefore, I find no legal error.  However, upon remand the ALJ shall consider whether a neuropsychological examination is warranted given the

medical expert's testimony and the medical evidence of record.

In sum, I find that outstanding issues must be resolved before a determination of disability can be made. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). On remand, the ALJ shall consider medical evidence presented to the Appeals Council and other medical evidence presented by plaintiff, reevaluate the opinion of Dr. Ugolini, and obtain a neuropsychological examination, if necessary. Further, in assessing and determining plaintiff's impairments and residual functional capacity, the ALJ shall reevaluate plaintiff's subjective complaints in light of the additional evidence. See Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996).

## CONCLUSION

For the reasons explained above, the ALJ's findings are not supported by substantial evidence in the record, and the decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this 22 day of January, 2010.

_____
Ann Aiken
United States District Judge